AEE

FILED
FEBRUARY 19, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 HEALTH & WELFARE FUND, and UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 PENSION FUND,<br>Plaintiffs,<br>v.<br>FROZEN ASSETS COLD STORAGE, LLC,<br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No.  08 C 1004<br><br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE VALDEZ |

# C O M P L A I N T

Plaintiffs, UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 HEALTH & WELFARE FUND, and UNITED FOOD AND COMMERCIAL WORKERS LOCAL 1546 PENSION FUND, by and through its attorney, Robert B. Greenberg of Asher, Gittler, Greenfield & D'Alba, Ltd., complaining of Defendant, FROZEN ASSETS COLD STORAGE, LLC, allege as follows:

1. This action is brought under the provisions of Sections 502(g)(2), (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The UFCW LOCAL 1546 HEALTH & WELFARE FUND AND UFCW LOCAL

1546 PENSION FUND ("FUNDS") have been established pursuant to collective bargaining agreements heretofore entered into between the UFCW Local 1546 ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Fund office is located at 1649 West Adams Street, Chicago, Illinois 60612, and the Fund is administered in the Northern District of Illinois.

5. As provided in the Trust Agreement, Plaintiff is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 2635 South Western Ave., Chicago, IL 60608.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Fund.

8. A request for submission of the Defendant's books and records to the Fund's Auditor was duly made, and notwithstanding such request, the Defendant has failed and refused to allow the Fund's Auditor to review the books and records for purpose of completing an audit thereof, and in order to determine whether the Defendant has been properly remitting contributions, as provided for in the collective bargaining agreement and the trust agreement incorporated therein.

9. Defendant is contractually obligated to cooperate with Plaintiff in respect to the submission of its records, as and for an audit thereof, which will enable Plaintiff to verify whether Defendant has been properly contributing on all eligible employees for the actual hours worked and/or reported.

10.  Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

11.  Plaintiff is entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period January 1, 2005, through December 31, 2007.

WHEREFORE Plaintiff prays:

(a)  That Defendant be compelled to produce such books and records as are required by Plaintiff's auditors, and to pay to Plaintiff any amounts found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(b)  That Plaintiff be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c)  That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d)  That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's part according the terms and conditions of its Collective Bargaining Agreement.

(e)  For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler, Greenfield & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 1900
Chicago, Illinois 60606
(312) 263-1500